UNITED STATES of America,

v.

**Michael G. STRAWSER and Ronald Strawser, Defendants.**

No. 82–30067.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 17, 1984.

Gerald D. Fines, U.S. Atty., Larry A. Mackey, First Asst. U.S. Atty., Springfield, Ill., for plaintiff.

A. Michael Kopec, Springfield, Ill., for defendant Michael G. Strawser.

Richard L. Anderson, Kimberling City, Mo., for defendant Ronald Strawser.

## MEMORANDUM OPINION

J. WALDO ACKERMAN, Chief Judge.

On May 12, 1983, Attorney Richard Anderson was ordered by the Court to show cause why sanctions should not be imposed or why he should not be ordered to refund fees and costs paid him in this case. The facts causing the Court to issue this show cause order have been set out with great detail in the Government's brief. The Court has thoroughly reviewed these facts, and it is not necessary to repeat them here. Thus, I adopt the Government's description of the facts, with the following exception: Attorney Michael Kopec was paid $1,582.50 for his initial representation of Michael Strawser.

This case presents a difficult question involving fees of a lawyer in drug cases and what, if anything, this Court should or may do under these circumstances. To be fair to counsel, I take the salient facts, though disputed, in the light most favorable to him. Even so, those facts do not present a favorable picture of what generally is and always should be an honorable profession.

Attorney Richard Anderson was paid $45,600 in fees and $1,900 in expenses by Michael Strawser to represent Ronald Strawser in a drug case in this Court.[1] A plea agreement was negotiated shortly after indictment and Ronald Strawser received probation. Ronald Strawser was unexpectedly indicted a second time and represented by Attorney Anderson. Once again he pled guilty and was sentenced to one year. He preserved a double jeopardy theory for appeal.

After Michael Strawser paid $47,500 for his cousin's defense, he was indicted. Because he had no money, he prepared, with

---

1. Michael Strawser claims he paid $52,500 for Attorney Anderson's representation. For the purposes of my analysis of this case, I have utilized the $47,500 amount. The evidence submitted in this case supported the larger amount at least as well as it did the smaller amount.

Attorney Anderson's assistance, a financial affidavit and obtained court appointed counsel. The financial affairs of Michael Strawser were not known or made known to the Court at the time.

The facts regarding the fees of Attorney Anderson came to the Court's attention when Anderson wrote that Ronald Strawser was indigent and needed appointed counsel on the double jeopardy appeal. This led to communications from the Strawsers which, in turn, led to this proceeding.

Although the Court primarily bases its authority to conclude that this fee is excessive on its responsibility to insure the federal treasury is not defrauded, the Illinois Code of Professional Responsibility provides a standard for examining the propriety of the fee amount. Rule 2–106 of the Illinois Code of Professional Responsibility provides:

Rule 2–106. Fees for Legal Services

(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or excessive fee.

(b) A fee is excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment would preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and,

(8) whether the fee is fixed or contingent.

The time and labor required to plead Ronald Strawser guilty should not have been extraordinary. Ronald was charged with two fairly routine drug cases. The Court has not found any difficult or novel questions in this case, and Attorney Anderson has not directed the Court's attention to any such problems. There were very few motions filed, and those filed were of the boilerplate variety. It was obvious at an early stage of both of Ronald Strawser's cases that he would plead guilty rather than go to trial. The evidence of the government left him with little choice. In 81–30045, the Government's evidence included, among other things, video tape of Ronald Strawser loading marijuana into a van. Ronald negotiated a plea of guilty on September 16, 1981, two weeks after he had been charged in a criminal complaint. A liberal estimate of Attorney Anderson's in-court time would be twenty hours. An examination of the motions filed in this case indicates that twenty hours might have been used in research and preparation of motions.

There were similar discrepancies with Attorney Anderson's charges in Ronald Strawser's second case. Without going through case 82–30067 in great detail because the record speaks for itself, Attorney Anderson's time charges can be analyzed by comparing the time spent by codefendant's counsel. Michael Strawser was represented by Michael A. Kopec. Attorney Kopec performed in a professional manner. Michael Strawser's case was much more difficult than Ronald's case because Michael was charged in multiple counts and was exposed to a much greater prison sentence. Even though Michael's case was more difficult, Attorney Kopec negotiated a plea using seventy-five hours of billable time.

Attorney Anderson has submitted no evidence that Ronald Strawser's case was like-

ly to preclude other employment. He makes the naked and unsupported contention that he had to relinquish the opportunity to represent others, but any representation causes one to relinquish other opportunities. Because it was readily apparent that Ronald Strawser was not going to trial in either case and the cases against him were not complex, it is unlikely that Attorney Anderson would have had to turn down other employment.

Attorney Anderson's fee grossly exceeds the fee charged for similar services in this community. When the fees for Ronald Strawser's codefendants are examined, Attorney Anderson's charges have an additional character of unreasonableness. Of the defendants who went to trial, the highest fee was $12,000. Considering all of the fees charged and the work performed by the various attorneys, the Court can draw no conclusion except that Attorney Anderson's fee was unreasonable.

The result obtained in this case does not warrant the unusually high fee. Attorney Anderson set his fee before he had obtained any results, although he may have realized that a negotiated plea was his client's most sensible option. The counsel's main function was to negotiate as favorably for his client as possible. The plea agreement was a rather routine and ordinary result in this case.

This case imposed very few, if any, time limitations. Plea agreements were negotiated shortly after indictment, and Attorney Anderson's requests for continuances were routinely granted. His conferences with Ronald Strawser and the Government attorneys could be scheduled at convenient times. A great deal of the work in this case could have been performed when Attorney Anderson was not required to pursue other work.

The nature and length of Attorney Anderson's client relationship indicate Ronald Strawser should have been charged a lesser, not a greater, fee. There is no indication that Attorney Anderson had been his attorney in the past, and it is not likely that Ronald Strawser will utilize his services in the future. Both of the cases virtually were concluded with the plea agreements entailing an active client attorney relationship of about four months. Essentially, this was a brief attorney-client relationship.

This case required a lawyer of ordinary ability and experience and Attorney Anderson, while he has had ample opportunity to outline his credentials, has not shown that he possesses extraordinary ability and experience. The Court, under no circumstances, wishes to imply that Attorney Anderson was incompetent. Rather, this was a routine case that was handled by an attorney who rendered average services.

Anderson received $47,500 for negotiating two fairly simple guilty pleas. It is inconceivable, and the Court does not accept counsel's assertions to the contrary, that a competent attorney could utilize 800 hours on this representation. Accordingly, the Government had to pay for Michael Strawser's representation because Anderson charged Ronald Strawser an exhorbitant and unreasonable fee. Such a practice might reasonably be viewed as a fraud on the Treasury of the United States which this Court refuses to condone. In short, receiving $47,500 for two guilty pleas and aiding the person paying the fees in obtaining the in forma pauperis appointment of counsel to be paid from tax funds shocks this judicial conscience.

While Attorney Anderson relies heavily on *United States v. Vague,* 697 F.2d 805 (7th Cir.1983), that case is clearly distinguishable from the current controversy. In *Vague,* no one complained about the attorney's fees. In this case Michael Strawser, the individual who paid the fee, complained of the excessive fee and contended that he believed the $47,500 was paid for the representation of both he and Ronald Strawser. Hence, an actual controversy exists in this case—a controversy that the *Vague* Court perceived as being absent in that case. In this case the United States Treasury was effected because Michael Strawser required appointed counsel after he paid the excessive fee charged Ronald Strawser. As a result of Attorney

Anderson's fee, the Government had to pay for Michael Strawser's defense. The Government would not have been required to undertake this burden if Attorney Anderson would have charged a reasonable fee.

Additionally, excess fees charged by Attorney Anderson would deprive the United States Treasury of monies properly belonging to it for another reason. Michael Strawser testified that the monies paid Attorney Anderson were the receipts of drug sales. These excessive payments may eventually find their way to the United States Treasury as a result of a forfeiture proceeding. A convicted drug dealer should not be allowed to pay an excessive, unethical fee with drug profits and thereby deprive the Government of its rightful penalty. Such a shelter is indistinguishable from a drug dealer being allowed to insulate his profits from Government forfeiture by making a gift to a friend.

Considering all the facts, including the fact that this Court required Attorney Richard Anderson to handle the appeal of Ronald Strawser without further payment, the Court orders that Attorney Richard Anderson reimburse the sum of $1,582.50 to the Treasury of the United States, this being the amount paid to court appointed counsel for Michael Strawser, and the sum of $25,117.50 to the Treasury of the United States pending the outcome of forfeiture proceedings. After payment of these amounts, Attorney Anderson will be left with $20,000 as his fee in this case which the Court considers a generous compensation under the circumstances.